IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BILLY CLIFFORD STANLEY,              ) | |
|         Petitioner,              ) | Civil Action No. 08-137 Erie |
|                                      ) | |
|         v.                           ) | Magistrate Judge Susan Paradise Baxter |
|                                      ) | |
| RAYMOND J. SOBINA, et al.,           ) | |
|         Respondents.            ) | |

**OPINION AND ORDER**[1]

**I.    Introduction**

On February 10, 2005, an Erie County jury convicted Petitioner Billy C. Stanley of several crimes, including burglary, numerous counts of assault, and recklessly endangering a one-year-old child.  Pending before this Court is his Petition For Writ of Habeas Corpus [Document No. 1], which he filed pursuant to 28 U.S.C. § 2254.  He raises two claims.  In Claim 1, he contends that he was denied his Sixth Amendment right to effective assistance of counsel because his trial attorney rejected a plea offer without consulting with him and first receiving his permission.  In Claim 2, he contends that his due process rights were violated because the evidence introduced at his trial was insufficient as a matter of law to convict him of burglary.

**II.    Relevant Background**[2]

Early in the morning on August 8, 2004, Petitioner broke through the front door of his sister Shawn Crass's apartment and proceeded to assault his fifteen-year-old niece, Nichole Mazola and her boyfriend, seventeen-year-old Shon Loucks.  Petitioner entered the bedroom where the two were sleeping and attacked them.  He hit Mazola and punched Loucks repeatedly.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] Respondents have submitted the relevant transcripts and the original state court record ("SCR").  The SCR contains 60 documents and shall be cited to as "SCR No. __ ."

-1-

During the assault, he stepped on a one-year-old baby, Lilly Myers, who was sleeping on the floor next to the bed.

Later that same morning, Petitioner attacked Mazola's stepfather, James Wilson, at his residence. Wilson's son, Jeffrey, attempted to intervene and was punched by Petitioner. The Wilsons called the police and Petitioner fled the scene. The police eventually located him hiding in a back closet of a neighboring trailer. He was handcuffed and placed inside a police vehicle. Once inside the vehicle, he continued his violent behavior and kicked out its back window. The police were able to gain control of him only after they subdued him with pepper spray.

The District Attorney of Erie County filed an Information charging Petitioner with the following crimes:

| | |
|---|---|
| **Count 1** | burglary of Crass's apartment (a felony in the first degree); |
| **Count 2** | criminal trespass of Crass's apartment (a felony of the third degree); |
| **Count 3** | simple assault of Loucks (a misdemeanor of the second degree); |
| **Count 4** | institutional vandalism for kicking out the rear window of the police vehicle (a misdemeanor of the second degree); |
| **Count 5** | simple assault of Mazola (a misdemeanor of the second degree); |
| **Count 6** | simple assault of James Wilson (a misdemeanor of the second degree); |
| **Count 7** | harassment of Jeffrey Wilson (a misdemeanor of the second degree); |
| **Count 8** | recklessly endangering Loucks (a misdemeanor of the second degree); |
| **Count 9** | recklessly endangering Mazola (a misdemeanor of the second degree); |
| **Count 10** | recklessly endangering James Wilson (a misdemeanor of the second degree); |
| **Count 11** | recklessly endangering Jeffery Wilson (a misdemeanor of the second degree); |
| **Count 12** | recklessly endangering Lilly Myers (a misdemeanor of the second degree); |
| **Count 13** | criminal mischief for damaging the front door jamb, deadbolt, and molding of Crass's home (a summary offense); |
| **Count 14** | disorderly conduct for assaulting five victims, and for damaging the police vehicle and Crass's front door, while under the influence of alcohol (a misdemeanor of the third degree); |
| **Count 15** | public drunkenness (a summary offense); and, |

     **Count 16**    simple assault of a child under twelve years of age (Lilly Meyers) (a misdemeanor of the first degree)

(SCR No. 2).

    Wayne G. Johnson, Esq., represented Petitioner.  On January 5, 2005, the Assistant District Attorney, Michael E. Burns, Esq., sent a letter to Johnson containing the following plea offer:

> For purposes of case resolution, the Commonwealth will accept the plea of guilty to Counts 1, 3, 4 (amended to Criminal Mischief, grading to be determined), 5, 6, 7 (amended to Harassment (S)), and 12 through 16 inclusive.  The remaining counts would be nol prossed with costs on the defendant.

(1/5/05 Letter, attached as Ex. B to SCR No. 33).  Johnson forwarded the Assistant District Attorney's letter to Petitioner on January 14, 2005, and wrote to him:

> I am also enclosing the letter that I have received dated January 5, 2005, in which the District Attorney's office extended a plea offer *which is obviously not even worth speaking about.*  As it looks like there will be no plea bargain, your case should be coming to trial in the February term.

(1/14/05 Letter, attached as Ex. A to SCR No. 33) (emphasis added)).  Petitioner contends that Johnson improperly rejected the plea offer without consulting with him and first receiving his permission.

    Petitioner proceeded to trial on February 9, 2005.  The next day, the jury found him guilty of Count 1, Counts 3-7,[3] Count 12, and Count 14.  The trial court found him not guilty of Counts 13 and 15.  The Commonwealth withdrew Count 2 and Counts 8-11.  The court imposed an aggregate sentence of 113-260 months of incarceration, to be followed by 90 days of probation.

    Because Petitioner now contends that Johnson was ineffective for failing to consult with him regarding whether to accept the plea offer, and the Commonwealth counters that Petitioner suffered no prejudiced because the results of his trial were more favorable than the plea offer, the following chart compares the terms of the plea offer with the outcome of the trial:

---

[3] At some point, and at the Commonwealth's request, Count 4 had been amended from institutional vandalism to criminal mischief, which is one of the things the Commonwealth had offered to do in its January 15, 2005, plea proposal.  See also footnote 6.

| Count | Charge | Terms Of Plea Offer | Actual Result |
|---|---|---|---|
| Count 1 | burglary | guilty | guilty |
| Count 2 | criminal trespass | nol prossed with costs on Petitioner | withdrawn |
| Count 3 | simple assault | guilty | guilty (merged with Count 1) |
| Count 4 | institutional vandalism | guilty (amended to criminal mischief) | guilty (amended to criminal mischief) |
| Count 5 | simple assault | guilty | guilty (merged with Count 1) |
| Count 6 | simple assault | guilty | guilty (merged with Count 1) |
| Count 7 | simple assault | guilty (amended to summary harassment) | guilty (amended to summary harassment) |
| Count 8 | reckless endangerment | nol prossed with costs on Petitioner | withdrawn |
| Count 9 | reckless endangerment | nol prossed with costs on Petitioner | withdrawn |
| Count 10 | reckless endangerment | nol prossed with costs on Petitioner | withdrawn |
| Count 11 | reckless endangerment | nol prossed with costs on Petitioner | withdrawn |
| Count 12 | reckless endangerment | guilty | guilty |
| Count 13 | criminal mischief | guilty | **not guilty** |
| Count 14 | disorderly conduct | guilty | guilty |
| Count 15 | public drunkenness | guilty | **not guilty** |
| Count 16 | simple assault | guilty | **not guilty** |

After the denial of his post-sentence motion (SCR No. 26), Petitioner filed a direct appeal with the Superior Court of Pennsylvania. He claimed that the evidence was insufficient to prove beyond a reasonable doubt that he was guilty of burglary because Crass testified that she allowed him to be in her apartment (Day 2 Trial Tr. at 100-03), thereby vitiating an element of the crime (that he was not "privileged" to enter). That is the same claim that he raises in the instant federal habeas petition as Claim 2.

On May 10, 2006, the Superior Court issued a Memorandum affirming Petitioner's

judgment of sentence and denying the insufficiency of the evidence claim on the merits. Commonwealth v. Stanley, No. 879 WDA 2005, slip op. (Pa.Super. May 10, 2005) ("Stanley 1").[4]  On January 17, 2007, the Supreme Court of Pennsylvania denied a petition for allowance of appeal.

Next, on or around January 29, 2007, Petitioner filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541, *et seq.*  (SCR No. 33).  Petitioner asserted, as he does in the instant federal habeas petition at Claim 1, that he was denied his Sixth Amendment right to effective assistance of counsel because Johnson failed to have any follow-up communication with him regarding the plea offer so that he could weigh it against the prospect of proceeding to trial. The PCRA Court appointed William J. Hathaway, Esq., to represent Petitioner, and Hathaway filed a supplement to the PCRA motion and a request for an evidentiary hearing.  (SCR No. 35).

On June 26, 2007, the PCRA Court issued a notice of intent to dismiss the petition without a hearing, along with an attached opinion setting forth the court's reasoning.  (SCR No. 41).  It held that Petitioner could not prevail on his claim because Johnson's advice was sound and he incurred no prejudice, as "[t]he outcome from Petitioner's jury trial was an improvement on the plea bargain":

> Had Petitioner accepted the plea offer, the Commonwealth would have withdrawn [Counts 2, 8-11] with Petitioner paying costs.  When Petitioner went to trial, each of the remaining counts were dismissed by leave of court at trial.
>
> ... Petitioner was found guilty of eight (8) criminal counts. Had Petitioner accepted the plea offer, he would have pled guilty and been sentenced on eleven (11) criminal counts in addition to paying costs for all withdrawn charges.  Thus, his counsel's advice was appropriate and better served Petitioner's interests.

(SCR No. 41 at 9-10).

Petitioner filed *pro se* objections.  (SCR 43).  He contended that the PCRA Court was misreading the Assistant District Attorney's January 5, 2005, letter, and that the Commonwealth in fact had offered to reduced the burglary charge (Count 1) to criminal mischief if Petitioner

---

[4] Stanley 1 is attached hereto as Ex. A.

agreed to plead guilty to criminal mischief.  In an Order dated July 12, 2007, the PCRA Court rejected Petitioner's contention and dismissed the PCRA petition, holding:

> Petitioner's allegation is factually false.  The Burglary charge was Count 1 of Petitioner's Information.  The Commonwealth's plea offer required a guilty plea to Count 1 as Burglary.  The Commonwealth did offer to amend Count 4 from a charge of Institutional Vandalism to a charge of Criminal Mischief.  In fact, at trial, this amendment occurred.

(SCR No. 44).

Petitioner proceeded on appeal *pro se*.  On April 18, 2008, the Superior Court issued a Memorandum in which it affirmed the denial of PCRA relief.  (SCR No. 60, Commonwealth v. Stanley, No. 1366 WDA 2007, slip op. (Pa.Super. Apr. 18, 2008) ("Stanley 2")).  It held:

> Even assuming *arguendo* defense counsel did not exercise due diligence in conveying and explaining the Commonwealth's January 5, 2005, plea offer, [Petitioner] was not prejudiced as a result thereof.
> ----
> In sum, if [Petitioner] had accepted the Commonwealth's offer his exposure to criminal liability would have been greater than it was after the jury rendered its verdict.  Indeed, had [Petitioner] accepted the Commonwealth's plea offer, he would have been convicted of an additional first-degree misdemeanor [Count 16] and two additional summary offenses [Counts 13 and 15].

(Id. at 7-8).

Next, Petitioner filed with this Court a *pro se* Petition For Writ Of Habeas Corpus. [Document No. 1].  Respondents have filed their Answer [Document No. 15] and the SCR.

### III.   Discussion

#### A.   Standard Of Review

Because the Superior Court rejected both of Petitioner's claims on the merits, the standard of review enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (codified at 28 U.S.C. § 2254(d)) applies.  AEDPA provides that a federal habeas court may not grant relief as to a claim that was adjudicated on the merits in state court proceedings unless that adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law," or resulted in a decision that was based on an "unreasonable determination of the facts."  28 U.S.C. § 2254(d).  See, e.g., Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004).  The state courts' factual

findings are presumed to be correct unless the presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### B. Claim 1 – Ineffective Assistance Of Counsel

The "clearly established Federal law," 28 U.S.C. § 2254(d)(1), in which to analyze Claim 1 under AEDPA is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Pursuant to Strickland, Petitioner must show that Johnson's "representation fell below an objective standard of reasonableness." 466 U.S. at 688; see also Williams, 529 U.S. at 390-91. He also must show that he was prejudiced by Johnson's alleged deficient performance. Id. at 694.

The Superior Court's resolution of Claim 1 was not "contrary to" or an "unreasonable application of" Strickland, nor was it an unreasonable determination of the facts. First, Johnson's advice to Petitioner – that the Commonwealth's plea offer "was not worth discussing" and should be rejected – was sound. It was not in Petitioner's best interest to accept the Commonwealth's plea offer, as its terms were not favorable and he had a viable (if ultimately unsuccessful) defense to the burglary charge (that Crass allowed him to enter her apartment at any time). If the jury had credited Crass's trial testimony, it would have acquitted him of burglary. Thus, it was objectively reasonable for Johnson to advise Petitioner to proceed to trial and take a chance at an acquittal, rather than accept the Commonwealth's plea offer and plead guilty to burglary.

Second, even if I assume for the sake of argument, as the Superior Court did, that Johnson was ineffective for (allegedly) rejecting the plea offer without first receiving permission to do so from Petitioner, there was no prejudice. As set forth above, if Petitioner had accepted the plea offer, his exposure to criminal liability at sentencing, as well as what he would have had to pay in court costs, would have been greater than it was after the verdict. As such, Petitioner ended up in a more favorable position after his trial than he would have been in had he accepted the Commonwealth's offer and pleaded guilty to burglary and paid courts costs for the withdrawn claims.

In an attempt to avoid the obvious conclusion that he was not prejudiced by Johnson's

alleged ineffectiveness, Petitioner insists that the Commonwealth actually offered to reduce the burglary charge (Count 1) to criminal mischief.  The state courts expressly rejected this argument and found as fact that the plea offer extended by the Commonwealth required Petitioner to plead guilty to the burglary charge and that it would, among other things, amend the institutional vandalism charge to criminal mischief.  There is no basis for this Court to disturb the state courts' factual finding under AEDPA.  28 U.S.C. § 2254(e).[5]  The state courts did not misinterpret the Commonwealth's plea offer.  The Assistant District Attorney's January 5, 2005, letter is unambiguous and the state courts read it accurately.[6]  (1/5/05 Letter, attached as Ex. B to SCR No. 33).

### C.     Claim 2 – Sufficiency Of the Evidence

As explained by the trial court in its instructions to the jury, to convict an individual of the crime of burglary under Pennsylvania law, the Commonwealth must prove beyond a reasonable doubt the following elements: (1) the defendant entered into an occupied structure; (2) with the intent to commit a crime once inside (in this case, the crimes of simple assault); and

---

[5] AEDPA, as codified at 28 U.S.C. § 2254(e)(2), limits the ability of a federal district court to hold an evidentiary hearing in habeas review.  See Michael Williams v. Taylor, 529 U.S. 420 (2000); Palmer v. Hendricks, 592 F.3d 386, 392-94  (3d Cir. 2010); Lewis v. Horn, 581 F.3d 92, 104-05, 109 n.11, 117 (3d Cir. 2009).  If the failure to develop the record before the state court *is attributable to the petitioner*, AEDPA prohibits an evidentiary hearing in federal court.  28 U.S.C. § 2254(e)(2).  When the failure to develop the factual basis of a claim in the state court *is not attributable to the petitioner*, it is within the district court's discretion to grant an evidentiary hearing on a claim.  Schriro v. Landrigan, 550 U.S. 465, 473-75 (2007); see also Palmer, 592 F.3d at 395 ("bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing" on a habeas petition).

I will assume that because the PCRA court denied Petitioner's request for an evidentiary hearing, § 2254(e)(2)'s prohibition on federal habeas hearings does not apply.  I will make this assumption because even if it is within my discretion to have a hearing, I would still deny Petitioner's request for one.  The Commonwealth's plea offer is contained in writing in the SCR.  Therefore, no additional testimony or information is needed to evaluate Claim 1.

[6] The Commonwealth later requested that the institutional vandalism charge [Count 4] be amended to criminal mischief.  (See Day 2 Trial Tr. at 109).  See also footnote 3.  At sentencing, it established that Petitioner caused $599.50 in damage to the police vehicle when he kicked out its window, which made it a third-degree misdemeanor.  (Sentencing Hr'g Tr. at 16; see also SCR No. 60, Stanley 2, No. 1366 WDA 2007, slip op. at 7 n.14 ("While the Commonwealth originally did offer to substitute an ungraded criminal mischief charge for the third-degree institutional vandalism charge, criminal mischief offenses are graded according to the pecuniary loss caused by the defendant... [If Petitioner] had accepted the Commonwealth's plea offer, he would have pled guilty to third-degree misdemeanor criminal mischief.)).

(3) that he was not licensed or privileged to enter the structure. (Day 2 Trial Tr. at 130-31). See also 18 PA.CONS.STAT. § 3502(A). "[A] person is privileged, within the meaning of [the] burglary statute, if he may naturally be expected to be on the premises often and in the natural course of his duties or habits." Commonwealth v. Corbin, 446 A.2d 308, 311 (Pa.Super. 1982) (emphasis in original) (citation omitted). Importantly, "a person who is privileged may still commit burglary *if he would not reasonably be expected to be present*[.]" Id.

Petitioner contends that there was insufficient evidence to support his burglary conviction because his sister, Crass, testified that he was allowed to be in her apartment and he did not have to ask permission to enter. She also testified, in an attempt to show that Petitioner had not broken through her front door, that she had caused the damage to it about a month before the incident when she had locked herself out and had to break into her own apartment. (Id.)

The "clearly established Federal law" in which to analyze Claim 2 is set forth in Jackson v. Virginia, 443 U.S. 307 (1979). In a habeas corpus proceeding, where the sufficiency of the evidence is in contention:

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction .... does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt... Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Jackson v. Byrd, 105 F.3d 145, 147 (3d Cir. 1997) (quoting Jackson, 443 U.S. at 318-19) (internal citations and quotes omitted). See also Robertson v. Klem, 580 F.3d 159, 165 (3d Cir. 2009)).

In rejecting Claim 2, the Superior Court applied the Pennsylvania equivalent of the Jackson v. Virginia standard. Stanley 1, No. 879 WDA 2005, slip op. at 3. See also Evans v. Court of Common Pleas, Delaware County, 959 F.2d 1227, 1233 (3d Cir. 1992) (the test for insufficiency of the evidence is the same under both Pennsylvania and federal law). It noted that the jury was free to decide that Crass's testimony was not credible, which is exactly what it did. Id. at 5. The Superior Court then reviewed the evidence introduced by the Commonwealth from which the jury could have found beyond a reasonable doubt that Petitioner was not privileged to

enter Crass's apartment early in the morning on August 8, 2004, including testimony and physical evidence to show that Petitioner forcefully broke down the front door. (See Day 2 Trial Tr. at 14-15, 73-74). It held:

> Testimony other than that of Ms. Crass established that [Petitioner] *was not privileged to enter the apartment when he did*.... Ms. Crass did not inform Nichole and Shon that they should expect [Petitioner]. Shon testified that he was awakened by a loud crash at the door in the front of the residence. [Petitioner] rushed into the bedroom and commenced his assaultive behavior. Further, Shon testified that he was under the impression that [Petitioner] was not permitted to enter the apartment. The jury was free to determine that [Petitioner's] manner of entry was not in conformity with that of a person who was privileged to enter the apartment.

Stanley 1, No. 879 WDA 2005, slip op. at 6 (citing Day 2 Trial Tr. at 32, 40-41 (emphasis added)).

In sum, the jury's burglary verdict was supported by the constitutional minimum of evidence necessary and the Superior Court's adjudication of Claim 2 withstands review under AEDPA. Therefore, Claim 2 is denied.

### C.  Certificate of Appealability

28 U.S.C. § 2253 governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]" Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Applying this standard here, jurists of reason would not find it debatable whether the claims raised in the Petition For a Writ Of Habeas Corpus are without merit. Accordingly, a certificate of appealability should be denied.

**III.**    **CONCLUSION**

      For the foregoing reasons, the claims raised in the Petition For a Writ Of Habeas Corpus are denied and a certificate of appealability is denied.  An appropriate Order follows.

                                    /s/ Susan Paradise Baxter
                                    SUSAN PARADISE BAXTER
                                    United States Magistrate Judge

Dated:  May 12, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BILLY CLIFFORD STANLEY,        ) | |
|         Petitioner,        ) | Civil Action No. 08-137 Erie |
|                         ) | |
| v.        ) | |
|                         ) | Magistrate Judge Susan Paradise Baxter |
|                         ) | |
| RAYMOND J. SOBINA, et al.,        ) | |
|         Respondents.        ) | |

## **ORDER**

      AND NOW, this 12th day of May, 2010;

      IT IS HEREBY ORDERED that the Petition For a Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 [Document No. 1] is denied and a certificate of appealability is denied.  The Clerk of Courts is directed to close this case.

                                                            /s/ Susan Paradise Baxter
                                                            SUSAN PARADISE BAXTER
                                                            United States Magistrate Judge